## The final accounting in the Estate of ROBERT HOOD.

AN executor who had mixed the funds of the estate with his own and made profit by them, charged with interest at seven per cent on each amount received, from date of receipt.

In consideration of this charge, the Surrogate did not charge him with the rents of land purchased by his wife, with moneys in part belonging to the estate.

> WEEKS & FOSTER, *Proctors for the Executor.*
> SELAH B. STRONG, Jr., *Proctor for Ann Newland.*
> MERRITT E. SAWYER, *Proctor for Adm'r of Ellen C. F. Moore.*
> W. P. BAXTER, *Proctor for J. M. Hood, Jr.*
> THOMAS LAWRENCE, *Special Guardian for Minor.*

ROBERT HOOD died at Manilla, in the Phillippine Islands. His will was proven, September 4, 1860, before the Surrogate of New York, and letters testamentary issued to John N. Hood. The following was the will:

Know ye all men by these presents: That I, Mr. Robert Hood, widower, native of New York, United States of America, legitimate offspring of Mr. Robert Hood and Mrs. Anne Newland Hood, the first mentioned being deceased, and the latter now a resident of the said city of New York, being at present in the full enjoyment of health and mental faculties, but fearing death, which is natural and certain to overtake every living being, and for the end that its uncertain hour may not find me unprepared, inasmuch as I possess some property, I order this,

my will, to be drawn up and properly legalized in the following form :

First. I leave to the judgment of my executors, the manner and form which must be observed in my funeral and burial, in accordance with the station I occupy and the religion which I profess. I here declare that I do not remember to have contracted, up to the present time, debt of any kind, but if, after my death, any should appear, which my legal executors should consider truly proved by my signature, or in any other manner, it is my will that it be settled at once, without giving occasion for arguments and lawsuits.

I also declare that I was legitimately married, in first nuptials, with Miss Ellen Curtis, with whom I had and still have two children, named Miss Ellen Curtis Fernanda Hood, and Mr. John Morehead Hood, both of minor ages and residents in said city of New York, under the care and supervision of my sister, Miss Eliza Hood, and I acknowledge said children as legitimately mine.

I likewise declare that, among other property, I have a policy of insurance on my life for ten thousand dollars ($10,000), which is in the United States, and in the hands of my brother-in-law, Mr. Daniel Curtis, of the firm in New York of Daniel Curtis & Co., and it is my wish that said policy be turned into cash, and its proceeds be placed out on usual interest, and secured by bond and mortgage.

I leave in favor of my said children, Miss Ellen Curtis Fernanda Hood and Mr. John Morehead Hood, the interest that may accrue from one-half the said capital of $10,000, or be it $5,000.

In like manner, I leave to my beloved mother, Mrs. Anne Newland Hood, the interest that may accrue from $2,500, out of the said $10,000 ; and to my maiden sister, Miss Eliza Hood, I leave the interest produced by the remaining $2,500 of the said $10,000, which benefit they will both enjoy during their lifetime. It is my will that, in case that one of my said children should die, without

a legitimate heir, the part of interest belonging to him or her, received from the said capital of $10,000 fall to the surviving one, that is to say, that the remaining one is to reap the whole interest of the $5,000 which I have assigned to both; and if both should die, without children, it is my will that half of the interest produced by the said $5,000, be enjoyed by my said mother, and the other half of said amount I leave to the son of my sister, Mrs. Anne Jane          ., my god son, by name William.

I also wish and order that, until my two said children arrive at that period of life in which they may be considered of age, according to the laws of the country they may reside in, under no circumstances or pretext may the said capital of $10,000 be touched, excepting that case in which my mentioned daughter, Miss Ellen Curtis Fernanda Hood, should marry before she is of age, and then she can freely dispose of part of the capital, or say $5,000; but on condition, or in the understanding that her husband shall have no right to take possession of said amount, as I leave it only for her and her children, should she have them.

As, by the marriage of my said daughter, or her becoming of age, which is the time when my two children may freely dispose of the said capital, my mentioned sister, Miss Eliza Hood, will remain separated from the interest that I have assigned to her in the said capital of $10,000, it being understood that this measure is under the condition that my two said children shall support and assist in all her wants, the grandmother, my mother, during all her lifetime, it is my wish that, out of the rest of the property I may leave at my death, $2,500 be separated for her, that she may receive, during her lifetime, the interest accruing therefrom, and at her death the capital to be passed over to my children or their heirs.

I also declare as my property, the third part of profits and losses that may result in the manufactory of carriages and livery stables, which are, at present, under my control,

and in which I have invested a capital of $5,000, as proved by the books of said establishment and manufactory, and I wish, desire and order, that after my death the establishment, with tools, carriages and all its stock, be sold to the highest bidder, agreeable to the agreement I have made with the partners, and the share that may belong to me, out of the proceeds of said sale, be delivered into the hands of Mr. Charles Griswold, chief agent of the mercantile house, in this city, of Russell & Sturgis, and in his absence, or second place, Mr. Alfred Edwards, and in the absence of both these gentlemen, to whoever may be the chief agent or representative of the said house of Russell & Sturgis.

I also declare, that I am owner, and to me belongs the interest of fifteen-hundredth parts of the hydraulic press, situated in the ward of the Burraca, in the village of Binondo, in the vicinity of the capital of Manilla, which interest it is my wish and will that it be not sold by any of my executors or heirs, within the term of ten years from the date of this, my will; it is, also, my wish that the share of profits belonging to me, that may result from the said enterprise or press, be placed in charge of and collected by the said Mr. Charles Griswold, in the first place, Mr. Alfred Edwards, in second, and in absence of both the chief agents of the house of Messrs. Russell & Sturgis, to be forwarded to my said brother-in-law, Mr. Daniel Curtis, of the house of Daniel Curtis & Co., in the city of New York.

I also declare as my property the household furniture and gold and silver plate that in it may be found, among which furniture will be found a mahogany bureau, which belonged to my wife, the said Mrs. Ellen Curtis; and I wish and order that said bureau, the gold and silver plate and family daguerreotype likeness, be sent to my said brother-in-law, Mr. Daniel Curtis, to be by him received and handed over to my daughter, Miss Ellen.

I institute, elect and name as the only universal heirs

of all my property, furniture, real estate, and stocks, after the dispositions prescribed have been fulfilled, my said children, Miss Ellen Curtis Fernanda Hood, and Mr. John Morehead Hood, that they may inherit and enjoy them in equal shares.

For the fulfillment and execution of my disposition and orders, I name, as my executors in first instance, my said brother-in-law, Mr. Daniel Curtis, and in second, Mr. John M. Hood, my only brother, at present a resident in San Francisco, California, colony of the United States, and established there in the mercantile house of Messrs. Hood & Co., both of them for the respective parts that may have to be performed out of these islands; and in all, relative to the property and interests that I possess in them, my before mentioned attorneys in first instance, Mr. Charles Griswold, and in the second Mr. Alfred Edwards; and in deficiency or absence of both; whoever may represent the mercantile house known in this capital under the style of Messrs. Russell, Sturgis & Co.; and I give them ample power and facility after my death to take possession of my property in the order and manner explained, and to dispose of the same either at public or private sale; to give, take and adjust accounts, naming such accountants or practical persons as they may deem suitable; and, in case of differences or dissentions, to name a third person; to decide and approve them if they are correct, and reject them if the contrary; exposing and making clear the errors that they contain, for the purpose of settling, in the most convenient manner, any claims of credits, debts, or of any nature that may be pending, either against or in my favor; also to collect and realize, judicially or extra judicially, all that may be due me for any cause whatever, citing my debtors by such documents and letters as they may deem proper against the withholding themselves; and, finally, to practice and do the same as I would do if present until the complete and final execution of my will.

In view of the foregoing, and in order that they may, in case of need, be enabled to transfer to other person or persons the faculties which I now commit to them (or invest them with), I leave them my free and general administrators, to act in my place and rights, and approve of every measure which they may think proper to take in the execution of this my will.

I hereby annul and declare without any force or effect any other will, codicil, powers for executors, and other measures of this nature which, previous to this date, I may have authorized, either by writing, words, or in any other form; and such I wish to have considered null and void, either judicially or extra judicially, excepting the present will, which is given in the plenitude of my wishes and desires; and I order that it may be considered as my last and deliberate wishes for all such purposes and forms as are required by law.

Given under my hand and signature, in the village of Binondo, outside the city of Manilla, 29th July, 1850.

(Signed) ROBERT HOOD.

Witnesses: EDWARD TURRE.

JAMES RAFFERTY.

John M. Hood, executor, filed his final accounts on the 28th day of March, 1868. He cited, as legatees and next of kin of the testator (who left no widow), Ann Newland, mother of testator; Ellen Curtis Fernanda Hood, a daughter, of full age, and John M. Hood, Jr., a minor son. To this account objections were filed by William H. Moore, administrator of the goods of Mrs. Ellen C. F. Moore (formerly Hood); by Ann Newland, and by the special guardian of John M. Hood, Jr.

The Surrogate referred the accounts to Charles Price, Esq., as auditor, whose report was excepted to and argument had before the Surrogate.

THE SURROGATE. It appears, from the auditor's report,

VOL. II. 51

that the objections filed to the account of the executor were reduced, on the hearing before him, to three in number, which are the only ones I am to consider and pass upon, upon these exceptions to his action.

The first is as to the items of interest charged against himself by the executor, in his final account. This calculation of interest has been made by him at the rate of six per cent per annum, as he states, "on both sides the account, on the whole amount." The calculation shows a balance of interest of $4,412.82, in favor of the estate; for which sum he accordingly credited the estate, and charged himself as executor.

This is not the manner in which to calculate interest, and the auditor has very correctly disallowed it. The executor qualified on the 4th September, 1860; and from January, 1861, until July 20th, 1862, at various times, he had received assets amounting in the aggregate to the sum of $19,642.74. He should be charged with interest at the lawful rate of seven per cent from the time the amounts were respectively received until the 28th of March, 1868, when his final accounts were filed. The decree to be entered in this proceeding will provide for the interest with which the executor may be charged up to the day of its entry.

The second question is as to the payments made by the executor to or for Mrs. Ann Newland, the mother of testator. The will bequeathed $2,500, being part of a certain fund of $10,000; which $2,500 was to be invested, and the interest accruing to be paid to Mrs. Ann Newland during her life. It also contains a conditional clause: "That my two children shall support and assist in all her wants, their grandmother, my mother, during all her lifetime." The executor claims to hold in trust the $2,500; and he also charges the estate with the sum of $1,976, paid to Mrs. Newland.

The executor testifies as follows, as to the payments to Mrs. Newland:

Q. What rate of interest have you paid to Mrs. Ann Newland on the $2,500 trust fund in this estate? A. I have not paid any particular interest, but have paid her expenses.

Q. Up to what time have you paid Mrs. Newland? A. In the account, up to the 31st December, 1867, and up to the 31st December, 1868, since the filing of the account.

The executor should have invested this sum of $2,500 and paid the interest only. He will be allowed the $2,500, together with interest thereon from the 10th January, 1861, to the 28th March, 1868, amounting to $1,262.92, upon his showing that he has invested the principal sum. In default of this, his payments of $1,976 will be disallowed, and the decree will contain a direction to invest the $2,500.

The third question relates to the purchase of real estate at the town of Flatbush, New York, in the name of Maria C. Hood (who is the wife of the executor), with assets in part belonging to the estate.

It appears that, about the 15th day of July, 1862, Mrs. Maria C. Hood became the purchaser of a house and lot in Flatbush, and the consideration paid therefor was the sum of $22,500. The payment was made by assigning a mortgage for $4,000 upon real estate in the State of Ohio, belonging to this estate, and by a transfer of $2,500 of India rubber stock, and by a purchase money mortgage of $5,000, executed on the premises purchased, by Maria C. Hood and her husband, this executor. There were other encumbrances on the land to the amount of $11,000. On the 2d day of May, 1868, since this accounting commenced, Mrs. Hood sold the land she had so purchased for $62,000. It is claimed by the special guardian of the infant legatee, and the administrator of a deceased legatee, that this mortgage of $4,000 was an investment, and to be treated as a cash investment in the land purchased in the name of Mrs. Hood, and that the executor should account for the proportion of the rents of the land pur-

THE FINAL ACCOUNTING IN THE ESTATE OF ROBERT HOOD.

chased, from July 15, 1862, to May 2, 1868. I have considered the facts and weighed the arguments. This mortgage of $4,000 had been received by the testator in part payment of land formerly belonging to him in Ohio, and which he had conveyed in his lifetime. The executor did with it what he seems to have done generally with the funds belonging to the estate ; mingled it with his own property and dealt with it as his own. There are cases in which such conduct has been visited in Courts of Equity and courts of conscience with the severe penalty of a confiscation of all the gains made in this illegal manner. There is no doubt that it would have been the duty of the Surrogate to have held this executor rigidly accountable for any loss, any devastavit of the estate, occurring through such conduct. But in this estate there has been no loss to the parties entitled ; the assets are in hand, and a distribution, however tardy, can be made to these children. While, therefore, I am holding this executor strictly to the payment of full interest upon all the assets, I shall not pursue him to the extent of also charging against him the rents and profits of the realty thus purchased by his wife.

There is one point, also, upon which I must overrule the learned auditor, whose labors in this matter have brought order out of chaos. The payments made by the executor on account of the minors Ellen and John, Jr., cannot be allowed. They were not made to a guardian of the minors, and they cannot be charged against persons who were incapable of contracting.